J-S12012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYREE CANTY | |
| Appellant | No. 985 EDA 2015 |

Appeal from the PCRA Order March 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003406-2009

BEFORE:  MUNDY, J., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                        **FILED March 21, 2016**

Appellant, Tyree Canty, appeals from the March 20 2015 order dismissing, without a hearing, his amended petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After considered review, we affirm based on the sound reasoning of the PCRA court's May 14, 2015 opinion.

The PCRA court has summarized the procedural and factual history of this case, and we need not recount that full history here.  ***See generally*** PCRA Court Opinion, 5/14/15, at 1-3.  For purposes of our review, we note the instant appeal is from the disposition of Appellant's timely first PCRA petition as amended, Appellant's notice of appeal is timely, and Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant raises a single issue for our review.

> Whether the [PCRA] court erred in denying the Appellant's Petition for Post Conviction Relief where the Commonwealth presented the tainted testimony of Police Officer John Speiser, who was subsequently indicted federally and who the Philadelphia County District Attorney's Office no longer calls as a witness as a matter of policy, in order to prove to the jury that the Appellant was engaged as an accomplice in the possession with the intent to distribute a controlled dangerous substance[?]

Appellant's Brief at 2.

Our standard of review is well settled.

> Our standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa. Super. 2015), *quoting **Commonwealth v. Perez**,* 103 A.3d 344, 347 (Pa. Super. 2014) (citation omitted). We review the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted). Instantly, the PCRA court dismissed Appellant's first amended and second amended PCRA petitions without first affording a hearing. "There is no absolute right to an evidentiary hearing. On appeal, we examine the issues raised in light of the record to determine whether the

PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Commonwealth v. Burton***, 121 A.3d 1063, 1067 (Pa. Super. 2015) (*en banc*) (internal quotation marks and citation omitted).

In his second amended PCRA petition, Appellant claimed that newly discovered evidence entitled him to a new trial.[1] Second Amended PCRA Petition, 6/26/14, at 1. Specifically, Appellant alleged facts about Officer John Speiser, one of the officers involved in executing a search warrant and who testified at Appellant's trial, including, *inter alia*, that "Officer Speiser was transferred out of the Narcotic's [sic] unit… for allegedly providing false information to obtain search and seizure warrants, testifying falsely and otherwise engaging in unlawful behavior to justify [the] arrest and prosecution of certain individuals …." ***Id.*** at 4 ¶ 14. Accordingly, Appellant argues he should be granted a new trial because Officer Speiser's testimony is tainted. Appellant's Brief at 8-9.

> After-discovered evidence is the basis for a new trial when it: 1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of trial by the exercise of reasonable diligence; 2) is not merely corroborative or cumulative; 3) will not be used solely for impeaching the credibility of a witness; and 4) is of such nature and character that a new verdict will likely result if a new trial is granted. Further, the proposed new evidence must be "producible and admissible."

---

[1] On appeal, Appellant does not challenge the dismissal of the other claims raised in his *pro se* and first amended PCRA petitions.

***Commonwealth v. Chamberlain***, 30 A.3d 381, 414, (Pa. 2011), *cert. denied*, 132 S. Ct. 2377 (2012).

In his brief, Appellant does not address this standard, or explain how these threshold requirements have been met. Rather, Appellant focuses his argument on the alleged inapplicability of the independent source rule to permit the admission into evidence of the information testified to by Officer Speiser.[2] Appellant's Brief at 7-8.

> Applying [the independent source] rule to the instant case, [Appellant] argues that there is no source of evidence other than the tainted evidence offered by [] Officer [] Speiser that is "truly independent" of either the tainted evidence or the police who engaged in the misconduct []. Officer Speiser's tainted testimony must therefore be considered to be excludable, with no sufficiently independent source available to replace it.

*Id.* at 8.

The PCRA court did not base its decision on the independent source doctrine. Rather, based on its review of the record, it determined that Appellant failed to establish that, absent Officer Speiser's testimony, a different verdict would likely result. PCRA Court Opinion, 5/14/15, at 5. The PCRA court noted that another officer was responsible for the underlying

---

[2] The independent source doctrine applies as an exception to the exclusionary rule where an excluded fact is discovered through a source truly independent from the source whereby it was illegally obtained. ***See Commonwealth v. Williams***, 2 A.3d 611, 618-619 (Pa. Super. 2010) (*en banc*), *quoting* ***United States v. Herrold***, 962 F.2d 1131, 1140 (3rd Cir. 1992), *cert. denied*, ***Herrold v. United States***, 506 U.S. 958 (1992).

controlled buy of narcotics from Appellant and the procurement of the resultant search warrant. *Id.* Officer Speiser was only peripherally involved with the execution of the search warrant as it pertained to Appellant. *Id.* at 4-5. Officer Speiser's testimony was relevant only to Appellant's alleged co-conspirator.[3] *Id.* However, as noted by the PCRA court, the jury acquitted Appellant of the conspiracy charge and the Commonwealth never argued the Appellant's possession with intent to deliver charge [PWID] was based on any accomplice liability theory.[4] *Id.* at 5. The PCRA court explained as follows.

> In stating as his ground for relief that [Officer] Speiser gave "tainted evidence of accomplice liability," [Appellant] appears to argue that even though defendant was acquitted of conspiracy, and even though [Officer] Speiser's testimony only establishes the culpability of [co-defendant], [Appellant] still was prejudiced because the jury may have convicted him of PWID under an accomplice theory based upon [co-defendant's] conduct. This argument is refuted by the record. The evidence at trial established that [Appellant] let the informant into the apartment, that [Appellant] had a large amount of cash on his person, and that the keys to the safe containing the drugs were on a lanyard around [Appellant's] neck. All of this demonstrated that [Appellant] exercised dominion and control over the narcotics and was guilty as a principle [sic]. In fact, the Commonwealth never argued to the jury that [Appellant] was guilty of PWID as a result of any

---

[3] The alleged co-conspirator's case was not consolidated with Appellant's.

[4] The record reveals, however, that the Commonwealth did request the trial court to give an accomplice liability instruction to the jury, which the trial court granted. *See* N.T., 2/17/10, at 207-210; N.T., 2/18/10, at 3, 82-85.

conduct on the part of [co-defendant]. N.T. 2/16/10 at 193 -201.

Accordingly, the record demonstrates that there is no likelihood that a different verdict would result on the PWID charge, which was the sole charge of conviction, should a new trial be held without the testimony of Officer Speiser. Therefore, no relief is due.

*Id.* at 5-6 (citation omitted)

We agree. Our review of the certified record leads us to conclude the PCRA court's assessment of the facts at trial and the import of Officer Speiser's testimony is accurate. We agree that, assuming, *arguendo*, Officer Speiser's evidence is "tainted" and excludable, its relevance pertains chiefly to the conspiracy charge for which Appellant was acquitted. The remaining untainted evidence, which supports the jury's guilty verdict for the PWID charge would be largely unaffected and it is unlikely a new trial would result in a different outcome. *See Chamberlain*, *supra*.

After careful review, we conclude that the PCRA court's May 14, 2015 Rule 1925(a) memorandum opinion fully sets forth Appellant's claim, identifies the proper standards of review, discusses the relevant law, and explains the bases for its conclusion that Appellant has failed to establish a right to a new trial based on after-discovered evidence. We also conclude the PCRA court correctly determined that there were no genuine issues of material fact to justify a hearing. *See Burton*, *supra*. Accordingly, we

adopt the May 14, 2015 opinion of the Honorable Glenn B. Bronson as our own for the purposes of our disposition of this appeal.

Based on the foregoing, we conclude the PCRA court committed no error or abuse of discretion in dismissing Appellant's second amended PCRA petition without a hearing. *See id.*; *Melendez-Negron*, *supra*. Accordingly, the PCRA court's March 20, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF : CP-51-CR-0003406-2009
PENNSYLVANIA

CP-51-CR-0003406-2009 Comm. v. Canty, Tyree
Opinion

v.

TYREE CANTY

||||| ||| |||||| ||||| |||
7296372941

**FILED**

MAY 1 4 2015

Post Trial Unit

OPINION

BRONSON, J.                                                                 May 14, 2015

## I. PROCEDURAL BACKGROUND

On February 18, 2010, following a jury trial before this Court, defendant Tyree Canty was convicted of possession with intent to distribute a controlled substance ("PWID") (35 Pa.C.S. § 780-113(a)(30)). On May 4, 2010, the Court sentenced defendant to six to fifteen years incarceration. No post-sentence motions were filed. Defendant was represented at trial and at sentencing by Carl Johnson, Esquire.

On April 26, 2011, the Superior Court affirmed defendant's judgment of sentence. Defendant was represented on appeal by Peter Levin, Esquire. Defendant then filed a *pro se* petition under the Post-Conviction Relief Act ("PCRA") on September 12, 2012. Mark Mungello, Esquire was appointed to represent defendant on July 1, 2013. On January 15, 2014, Mr. Mungello filed an Amended PCRA Petition ("Amended Petition") raising the sole claim that trial counsel was ineffective for failing to object to the prosecutor's wearing of a shoe string around his neck during closing arguments. Amended Petition at ¶ 5. The Commonwealth filed a Motion to Dismiss on March 19, 2014. On June 6, 2014, after reviewing defendant's PCRA Petition and the Commonwealth's Motion to Dismiss, this Court ruled that the claims set forth in defendant's petition were without merit and, pursuant to Pa.R.Crim.P. 907, the Court issued

notice of its intent to dismiss the petition without a hearing ("907 Notice"). Mr. Mungello filed a

Second Amended Motion for Post-Conviction Collateral Relief ("Second Petition") on June 26,

2014, raising a claim of newly discovered evidence that one of the police officers involved this

matter, Officer John Speiser, had provided false information to obtain search warrants and

provided false testimony in certain narcotics cases. The Commonwealth filed a second motion to

dismiss on January 23, 2015. On March 20, 2015, the Court entered an order dismissing

defendant's PCRA Petition. This appeal followed.

Defendant has now appealed the Court's dismissal of his PCRA Petition, alleging that he

is entitled to a new trial or arrest of judgment as "tainted evidence of accomplice liability in the

form of testimony from indicted Police Officer John Speiser was presented...to convict

[defendant] of possession with the intent to deliver a controlled substance."[1] Appellant Tyree

Canty's Statement of Errors Complained of on Appeal ("Statement of Errors") at ¶¶ 1-2. For the

reasons set forth below, defendant's claim is without merit, and the PCRA Court's order

dismissing his PCRA Petition should be affirmed.

## II. FACTUAL BACKGROUND

The facts of this case were set forth in this Court's 1925(a) Opinion regarding

defendant's direct appeal:

> On March 3, 2009, Officer [Derrick] Garner met with a
> confidential informant to set up a controlled purchase of drugs from
> apartment five of the Simon Garden Apartments building in Philadelphia.
> N.T. 05/21/2009 at 12-14. Officer Garner first searched the informant and
> determined that he had no drugs or money on his person. N.T. 05/21/2009
> at 13. Officer Garner then gave the informant twenty dollars of pre-
> recorded buy money and watched as the informant entered the apartment
> building. N.T. 05/21/2009 at 13-15. From where he was positioned
> outside the apartment building, Officer Garner could see the informant at
> the doorway of apartment five through a large window. N.T. 05/21/2009
> at 15-16. Officer Garner then saw defendant open the door to apartment
> five. N.T. 05/21/2009 at 16-17. Soon thereafter, the informant returned to

---

[1] Defendant's claims have been consolidated for ease of analysis.

2

Officer Garner with two packets of crack cocaine. N.T. 05/21/2009 at 17-18. After a search, it was determined that the informant no longer had the pre-recorded twenty dollar bill on his person. N.T. 05/21/2009 at 18.

Based on these observations, Officer Garner procured a warrant to search the apartment where this apparent drug sale had taken place. N.T. 05/21/2009 at 18-19, 24.... The search warrant was executed the following day at 6731 Musgrave Street, where Officer Garner had observed the confidential informant meet defendant the day before. N.T. 05/21/2009 at 26-27. Defendant was arrested inside the apartment at the time the warrant was executed. N.T. 05/21/2009 at 26.

\* \* \*

[W]hen the search warrant was executed, officers arrested defendant and recovered two hundred thirty seven dollars in cash from his person as well as some keys that were on a lanyard around defendant's neck. N.T. 02/17/2010 at 103-104, 127, 130. Inside the kitchen, the officers broke into a closet inside of which was a safe. N.T. 02/17/2010 at 107, 142. The officers were able to open the safe using two of the keys that were on the lanyard around defendant's neck. N.T. 02/17/2010 at 106. Inside the safe were approximately three hundred packets of crack cocaine, one clear bag containing a chunk of cocaine, a clear bag containing a chunk of crack cocaine, a digital scale, and a brown paper bag containing numerous new and unused multicolored packets. N.T. 02/17/2010 at 109-110, 113-114, 153-154. The officers determined that the third key around defendant's neck opened the lock on the door to the closet that they already had broken into to access the safe. N.T. 02/17/2010 at 106, 108.

Trial Court Opinion, dated September 16, 2010.

### III. DISCUSSION

An appellate court's review of a PCRA court's grant or denial of relief "is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Yager*, 685 A.2d 1000, 1003 (Pa. Super. 1996) (citing *Commonwealth v. Legg*, 669 A.2d 389, 391 (Pa. Super. 1995)). The reviewing court "will not disturb findings that are supported by the record." *Id.*

Here, defendant asserts that the tainted testimony of indicted Philadelphia Police Officer John Speiser entitles defendant to a new trial or to an arrest of judgment. Statement of Errors at

3

¶¶ 1-2. In particular, in his Second Petition, defendant asserts as newly discovered evidence that Officer Speiser was arrested and indicted for federal charges of falsifying information and for providing false testimony in narcotics investigations. Second Petition at ¶¶ 7-22. Defendant argues that Officer Speiser's testimony was essential evidence in support of the charge against defendant of criminal conspiracy. Response to Commonwealth's Motion to Dismiss Second Amended Motion for Post Conviction Collateral Relief at pp. 1-5. Defendant claims that since Speiser's testimony was essential, and since new evidence establishes that Speiser was not credible, the PCRA Court erred in not granting defendant a new trial or an arrest of judgment. Statement of Errors at ¶¶ 1-2. This claim is without merit.

In order to establish a newly discovered evidence claim under the PCRA, defendant must show that "the evidence: 1) has been discovered after the trial and could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; 2) is not merely corroborative or cumulative; 3) will not be used solely for impeachment purposes; and 4) is of such a nature and character that a different verdict will likely result if a new trial is granted." *Commonwealth v. Johnson*, 841 A.2d 136, 140-41 (Pa. Super. 2003). Defendant's claim fails since the record establishes that Speiser's testimony did not contribute to the jury's verdict of guilt on the count of conviction. As a result, defendant cannot demonstrate that a different verdict would likely result should a new trial be granted.

At trial, the Commonwealth established that Philadelphia Police Officer Derrick Garner conducted a controlled purchase of drugs from apartment five of the Simon Garden Apartments building in Philadelphia. N.T. 02/17/10 at 15-22. Based on this controlled buy, Officer Garner procured a warrant to search the apartment where this apparent drug sale had taken place. N.T. 02/17/10 at 22. The record at trial further reveals that, while Officer Speiser participated in the execution of the search warrant, he was not the officer who arrested and searched defendant.

4

N.T. 02/17/10 at 99, 126-127. Further, Officer Speiser did not recover any items from defendant. Rather, Officer Anthony Parrotti testified that he recovered two hundred thirty seven dollars in cash from defendant, as well as keys to the locked cabinet and safe in which there were approximately three hundred packets of crack cocaine, one bag containing a chunk of cocaine, a bag containing a chunk of crack cocaine, a digital scale, and smaller plastic packets for cocaine distribution. N.T. 02/17/10 at 103-114, 130, 153-154. Officer Speiser, meanwhile, was outside the apartment arresting Lawrence Temple, the second occupant of the apartment who had run out onto a fire escape when the police entered. N.T. 2/17/10 at 126-132. While Speiser's testimony was relevant to the conspiracy charge, since he arrested the alleged coconspirator, defendant was acquitted of the conspiracy charge.

In stating as his ground for relief that Speiser gave "tainted evidence of accomplice liability," defendant appears to argue that even though defendant was acquitted of conspiracy, and even though Speiser's testimony only establishes the culpability of Temple, defendant still was prejudiced because the jury may have convicted him of PWID under an accomplice theory based upon Temple's conduct. This argument is refuted by the record. The evidence at trial established that defendant let the informant into the apartment, that defendant had a large amount of cash on his person, and that the keys to the safe containing the drugs were on a lanyard around defendant's neck. All of this demonstrated that defendant exercised dominion and control over the narcotics and was guilty as a principle. In fact, the Commonwealth never argued to the jury that defendant was guilty of PWID as a result of any conduct on the part of Temple. N.T. 2/16/10 at 193-201.

Accordingly, the record demonstrates that there is no likelihood that a different verdict would result on the PWID charge, which was the sole charge of conviction, should a new trial be

5

held without the testimony of Officer Speiser. Therefore, no relief is due. *See Johnson*, 841 A.2d at 140-41.

## IV. CONCLUSION

For the foregoing reasons, the Court's order dismissing defendant's PCRA Petition should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J.

6